No. 10–6362. CONNORS *v.* UNITED STATES. C. A. 7th Cir. Certiorari denied.

No. 10–6363. ROBINSON *v.* UNITED STATES. Ct. App. D. C. Certiorari denied.

No. 10–6364. VILLARREAL *v.* UNITED STATES. C. A. 8th Cir. Certiorari denied.

No. 10–6365. VEGA-SOTO ET AL. *v.* UNITED STATES. C. A. 9th Cir. Certiorari denied.

No. 10–6366. VILLEGAS *v.* UNITED STATES. C. A. 5th Cir. Certiorari denied.

No. 10–6367. ZAVALA-ROSALES *v.* UNITED STATES. C. A. 5th Cir. Certiorari denied.

No. 10–6373. GARCIA-OCHOA *v.* UNITED STATES. C. A. 4th Cir. Certiorari denied.

No. 10–6375. STEPHENS *v.* UNITED STATES. C. A. 4th Cir. Certiorari denied.

No. 10–6379. MACINNIS *v.* UNITED STATES. C. A. 8th Cir. Certiorari denied.

No. 10–6380. MANCHA-PEREZ *v.* UNITED STATES. C. A. 5th Cir. Certiorari denied.

No. 10–6383. TURNBULL *v.* UNITED STATES. C. A. 4th Cir. Certiorari denied.

No. 10–6384. WELKER *v.* UNITED STATES. C. A. 8th Cir. Certiorari denied.

No. 10–6387. XINIDAKIS *v.* UNITED STATES. C. A. 9th Cir. Certiorari denied.

No. 10–6394. RAMIREZ-LEONARDO *v.* UNITED STATES. C. A. 5th Cir. Certiorari denied.

No. 09–1461. ASSOCIATION OF CHRISTIAN SCHOOLS INTERNATIONAL ET AL. *v.* STEARNS ET AL. C. A. 9th Cir. Motion of Catholic League et al. for leave to file a brief as *amici curiae*

granted.  Certiorari denied.

No. 09–1520.  UNITED STATES *v.* HAGEN.  C. A. 5th Cir.  Motion of respondent for leave to proceed *in forma pauperis* granted.  Certiorari denied.  JUSTICE KAGAN took no part in the consideration or decision of this motion and this petition.

No. 10–67.  WEISE ET AL. *v.* CASPER ET AL.  C. A. 10th Cir. Certiorari denied.

JUSTICE GINSBURG, with whom JUSTICE SOTOMAYOR joins, dissenting.

The President of the United States gave a speech open to the public, from which Leslie Weise and Alex Young allege they were forcibly ejected.  Their transgression was to have arrived at the event in a car that displayed a bumper sticker reading "No More Blood For Oil."  After they were marched out, they allege, Secret Service officials confirmed to them that the bumper sticker was the reason for their exclusion.

I cannot see how reasonable public officials, or any staff or volunteers under their direction, could have viewed the bumper sticker as a permissible reason for depriving Weise and Young of access to the event.  Nevertheless, the Court of Appeals held respondents entitled to qualified immunity because "no specific authority instructs this court . . . how to treat the ejection of a silent attendee from an official speech based on the attendee's protected expression outside the speech area."  593 F. 3d 1163, 1170 (CA10 2010).  No "specific authority" should have been needed; "[f]or at least a [half]-century, this Court has made clear that . . . [the government] may not deny a benefit to a person on a basis that infringes his constitutionally protected interests." *Perry* v. *Sindermann,* 408 U. S. 593, 597 (1972).  As Judge Holloway noted in his incisive dissent, solidly established law "may apply with obvious clarity" even to conduct startling in its novelty.  593 F. 3d, at 1177 (quoting *Hope* v. *Pelzer,* 536 U. S. 730, 741 (2002); emphasis deleted).

The Court of Appeals suggested that this Court's decision in *Hurley* v. *Irish-American Gay, Lesbian and Bisexual Group of Boston, Inc.,* 515 U. S. 557 (1995), could have justified a decision to exclude individuals who appear to disagree with the President's